IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLAUDE DULWAINE PARKS, Individually
and on behalf of others similarly situated,
TIFFANY SNYDER, and Claude Parks and
Tiffany Snyder on behalf of their minor
children                                                                          PLAINTIFFS

V.                                                          CAUSE NO. 1:12CV275-LG-JMR

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, MISSISSIPPI ATTORNEY
GENERAL JIM HOOD, and JOHN DOES 1-20                        DEFENDANTS

## ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT are the [8] Motion for Default Judgment filed by Plaintiff Claude Dulwaine Parks and Tiffany Snyder, and the [9] Motion to Set Aside Clerk's Entry of Default filed by Defendants Mississippi Department of Corrections and Mississippi Attorney General Jim Hood. The Court, having reviewed the pleadings and the relevant legal authority, finds that the Motion for Default Judgment should be denied, and the clerk's entry of default should be set aside.

### BACKGROUND

Plaintiffs filed the complaint in this action on September 4, 2012, alleging violations of 42 U.S.C. § 1983 and various torts. Plaintiff Parks was convicted of a felony in 2006 and sentenced to five (5) years in the custody of the Mississippi Department of Corrections (MDOC). According to Plaintiffs' complaint, MDOC unjustifiably held Parks in its custody for over a year after he had completed his sentence. Defendants did not file an answer, and on November 29, 2012, Plaintiffs

moved for entry of default. (Mot. for Entry of Default, ECF No. 5). On November 30, 2012, the clerk duly entered the default. (ECF No. 7).

Plaintiffs filed a Motion for Default Judgment on the grounds that Defendants have failed to plead or otherwise defend against the complaint. Defendants filed a response in opposition to Plaintiffs' Motion, as well as a Motion to Set Aside the Default Entry. Defendants' proposed Answer and Defenses to Plaintiffs' Complaint are attached to their motion. (Defs.' Mot. Ex. 1, ECF No. 9-1). Defendants submit that they were served with process in this action on October 1, 2012, "but due to a clerical error in accepting the process the file was never opened." (Defs.' Mot. 1, ECF No. 9). Defendants argue that Plaintiffs will not be prejudiced if the clerk's entry of default is set aside, that they have "meritorious defenses" to the complaint, and that they should be allowed to proceed to trial on the merits because their default was not willful. (*Id.* at 2; Defs.' Mem. 3, ECF No. 10).

Plaintiffs object to Defendants' Motion to Set Aside the Default Entry on the grounds that Defendants engaged in a "pattern . . . of willful defiance" of court orders with respect to Parks's criminal case in the Circuit Court of Harrison County prior to their failure to file an answer in this action. Plaintiffs point to Defendants' multiple failures to appear before the state court for hearings regarding Parks's sentence. They also claim that Defendants failed to respond to Parks's notice pursuant to the Mississippi Tort Claims Act. (Mot. for Default J. 3, ECF No. 8). Defendants respond that Attorney General Jim Hood and MDOC were not parties to the state action, which is a separate and distinct matter.

## DISCUSSION

Under Federal Rule of Civil Procedure 55, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Fifth Circuit has set forth several factors it considers relevant in determining whether there is good cause to set aside a default entry. Those are "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992)). This list is not exclusive, and the Court may consider other factors, "including whether 'the defendant acted expeditiously to correct the default.'" *Id.* Finally, where there is a "willful default," or "an intentional failure of responsive pleadings," the default entry should stand. *Id.*

"Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted). Therefore, they "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Jefferson v. La. Dept. of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010) (per curiam) (citation omitted) (affirming district court's decision to vacate entry of default, where only support for the default judgment was the State's failure to file a timely answer).

Here, Defendants have demonstrated that their default was the result of a clerical error, and not willful. Plaintiffs point to the State's failures to appear for

hearings in the Circuit Court of Harrison County, but the Court cannot determine that the failure to file an answer in *this* action was "willful" based on those proceedings. Plaintiffs likewise have not demonstrated that they will be prejudiced if the entry of default is set aside. The only "prejudice" they point to is the fact that this action involves "a single individual pitted against the power, resources and experience of the Attorney General[,] and a convicted felon against the Department of Corrections." (Pls.' Resp. 7, ECF No. 13). However, the identities of the parties, and any imbalance of their respective resources, are not "prejudices" that will be created by the setting aside of the default entry. Plaintiffs have not shown that setting aside the default entry will lead to a loss of evidence or similar disadvantage. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case,'" and merely gives "the defendants their day in court." *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

Finally, the State has indicated that it will present defenses under the Eleventh Amendment as well as the doctrine of qualified immunity. Plaintiffs have not addressed the substance of these arguments, but contend they are inappropriately raised at this juncture. The Court makes no determination with respect to Defendants' immunity claims at this time, but finds that Defendants have sufficiently demonstrated they intend to present "meritorious defenses" that will promote the Court's interest in "securing a trial upon the merits." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (quoting *Gen. Tel.*, 277

-4-

F.2d at 921).

## CONCLUSION

The Court will not enter a default judgment against the Defendants based on the failure to meet a procedural deadline and nothing more. Defendants have sufficiently demonstrated that their failure to timely answer was the result of a clerical error, and not a willful default. Moreover, Defendants, upon realizing their procedural default, have responded and filed a proposed answer. Therefore, the Motion for Default Judgment is denied. Pursuant to Federal Rule of Civil Procedure 55(c), the clerk's entry of default shall be set aside. Defendants shall have ten days from today's date, or until April 18, 2013, to file an answer to the original complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion for Default Judgment filed by Plaintiffs Claude Dulwaine Parks and Tiffany Snyder is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [9] Motion to Set Aside Clerk's Entry of Default filed by Defendants Mississippi Department of Corrections and Mississippi Attorney General Jim Hood is **GRANTED.** Defendants shall file their answer on or before **April 18, 2013.**

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE