IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLAUDE DULWAINE PARKS, Individually
and on behalf of others similarly situated;
TIFFANY SNYDER; and CLAUDE PARKS
AND TIFFANY SNYDER on behalf of their
minor children                                                                     PLAINTIFFS

V.                                                      CAUSE NO. 1:12CV275-LG-JMR

MISSISSIPPI DEPARTMENT OF
CORRECTIONS; MISSISSIPPI ATTORNEY
GENERAL JIM HOOD; and JOHN DOES 1-20                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the [17] Motion to Dismiss filed by Defendant Mississippi Department of Corrections and the [21] Motion for Summary Judgment filed by Defendant Mississippi Attorney General Jim Hood.  Plaintiffs have filed responses in opposition to both motions.  Neither defendant has filed a rebuttal brief.  Having reviewed the pleadings on file, the record, and the relevant law, it is the opinion of the Court that the Motion to Dismiss should be granted, and the Motion for Summary Judgment should also be granted.

### BACKGROUND

Plaintiff Claude Parks ("Parks") was sentenced to a term of five (5) years in the custody of the Mississippi Department of Corrections, with credit for time served, after he pleaded guilty to Felony Driving Under the Influence in 2006.  His complaint alleges that the Mississippi Department of Corrections ("MDOC") failed to release him upon completion of his sentence, and that he served an additional

427 days in prison due to the negligence of the defendants. Parks sues on his own behalf and on behalf of others similarly situated; he alleges that there are other individuals who have been detained past the completion of their sentences. The complaint does not name any other prisoners specifically. (Compl. 1 (¶3), ECF No. 1). Parks and Plaintiff Tiffany Snyder ("Snyder") also sue on behalf of their minor children.

The complaint seeks a declaration pursuant to 28 U.S.C. § 2201 that Parks was "falsely imprisoned, held against his will, his § 1983 rights were violated, his civil rights were violated and res ipsa loquitur." (Compl. 7 (¶19), ECF No. 1). It alleges claims pursuant to 42 U.S.C. § 1983 and state law, including the torts of false imprisonment, bad faith, negligence, negligent supervision/training, negligent hiring/retention, and negligent and intentional infliction of emotional distress. (*Id.* at 7-13 (¶¶24-72)). The plaintiffs seek compensatory and punitive damages in amounts to be determined at trial, as well as costs and attorney's fees. (*Id.* at 13-14 (¶73)).

*Proceedings in the Circuit Court of Harrison County*

Plaintiffs have attached as an exhibit to their complaint a transcript of proceedings before the Circuit Court of Harrison County, Mississippi. While Parks was serving his sentence in prison, he filed a *habeas corpus* petition seeking review of his sentence, and that petition was heard by the Circuit Court of Harrison County. Parks appeared for a hearing in Circuit Court on July 11-12, 2011 regarding his petition. (Compl. Ex. A, ECF No. 1-1). An assistant attorney general

appeared on behalf of MDOC on the second day of the hearing. (*Id.* at 16).

The Circuit Court established for the record that it had held hearing in May 2011 regarding Mr. Parks's sentence, but at that time the Court had not been able to determine exactly how much time Mr. Parks had served, "how much credit had been given for trustee time or for earned time based on the documents that were available." (*Id.* at 3). For that reason, the Court had "directed both sides, but in particular the Department of Corrections, to provide detailed calculations as well as time sheets." (*Id.*) The MDOC had then provided a letter to the Circuit Court, the District Attorney's office, and Mr. Parks's counsel with "their information on Mr. Parks." (*Id.*) That letter included an affidavit from an employee of MDOC, which the Circuit Court called "garbled and unintelligible." (*Id.* at 3-4).

During the July 2011 hearing, the Circuit Court attempted to determine how much time Parks had served in prison based on the affidavit from MDOC and other documents in the record, with input from counsel. The Circuit Court's review demonstrated that Mr. Parks was in and out of prison on a number of occasions during his sentence, served time on house arrest, and was incarcerated again as a result of a revocation as well as another arrest. (*Id.* at 23-37). Mr. Parks was also sentenced to the Restitution Center for a period of time as part of his probation, and received some earned time credit as well as trustee time. (*Id.* at 30, 33-37). After reviewing the affidavit from MDOC and other documents on the record, the Circuit Court commented that "[n]o one seems to know how to calculate this time or how it was calculated in this or any other case." (*Id.* at 38).

Eventually, the Circuit Court, Mr. Parks's counsel, and the assistant attorney general agreed that Mr. Parks had served a total of 1,440 days "actual incarceration time related to this charge," and that he had not received credit for some of the time he had served. (*Id.* at 43-44). The Court determined that Mr. Parks had not served five years "day-for-day," but "giving him his trustee time," he had completed "at least" five years. (*Id.* at 46-48). The Court ordered that Mr. Parks be released from custody that day. Subsequently, Parks and Snyder filed this lawsuit.

## DISCUSSION

**I. MDOC's Motion to Dismiss**

Defendant MDOC has filed a Motion to Dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12. The MDOC argues under Rule 12(b)(1) that the Court lacks jurisdiction to consider the plaintiffs' federal and state law claims because MDOC is immune from liability under the Eleventh Amendment. The MDOC further argues under Rule 12(b)(6) that the complaint fails to state a claim under 42 U.S.C. § 1983 because MDOC does not qualify as a "person" under that statute. In response to the Motion to Dismiss, the plaintiffs submit that "the civil rights of the American people may be held hostage because a State does not feel like being sued." (Pl. Resp. to Mot. to Dismiss 1, ECF No. 20). The plaintiffs also state that they will move to amend the complaint "to address immunity," *id.*, but have not yet done so.

4

*Standard of Review*

"[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The Court liberally construes the plaintiffs' complaint in reviewing the Motion to Dismiss. However, the plaintiff, as the party asserting jurisdiction, bears the burden of proof that jurisdiction exists. *Ramming*, 281 F.3d at 161; *see also Lowe v. Ingalls Shipbuilding*, 723 F.3d 1173, 1177 (5th Cir. 1984).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true all well-pleaded facts and views them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.)

*Eleventh Amendment Immunity and the § 1983 claim against MDOC*

Under the Eleventh Amendment, states and state agencies have immunity from lawsuits filed against them in federal court, including those brought by their

own citizens. *Hans v. La.*, 134 U.S. 1, 10 (1890); *Seminole Tribe v. Fla.*, 517 U.S. 44, 54 (1996). Even where "a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945) (when action "is in essence one for recovery of money against the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity[.]") *See also Richardson v. So. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997) (plaintiffs may not avoid Eleventh Amendment bar by suing an agency instead of the state itself).

The Eleventh Amendment applies to actions brought under § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). The MDOC, as an agency of the State of Mississippi, is immune from actions brought under § 1983 in federal court.[1] *See Hines v. Miss. Dep't of Corr.*, 239 F.3d 366, *3 (5th Cir. 2000) (unpublished) . ("The Mississippi Department of Corrections is a department of the state of Mississippi and enjoys the same immunity as the state itself."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") Accordingly, the plaintiffs' § 1983 claim against MDOC is barred by the doctrine of sovereign immunity. *See Mabry v. Miss. Dep't of Corr.*, No. 1:09-CV-178-SA-JAD, 2010 WL 1402614 at *2 (N.D. Miss. Apr. 5, 2010). Additionally, as MDOC points out, it is

---

[1] *See* Miss. Code Ann. § 47-5-1 and § 47-5-8.

not a "person" for purposes of liability under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that a state and its officials are not "persons" under § 1983, and therefore damages actions against them are not permitted); *Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934 (5th Cir. 1992) (same). Therefore, the plaintiffs' § 1983 claims against the MDOC are dismissed with prejudice.

*State Law Claims against MDOC*

Having dismissed the federal claim against MDOC, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed").[2] Accordingly, the plaintiffs' state law claims against the MDOC are dismissed without prejudice.

**II.  Attorney General's Motion for Summary Judgment**

Mississippi Attorney General Jim Hood has filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Attorney General Hood points out that the plaintiffs' complaint does not allege that he had any role in the calculation of Parks' sentence. He submits that the Attorney General represents the MDOC because it is a state agency, and the plaintiffs have therefore incorrectly

---

[2] Moreover, Mississippi has not waived its immunity for lawsuits brought in federal court. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment[.]")

sued the MDOC's attorney.  Attorney General Hood further argues that the Eleventh Amendment bars all federal law claims against him, and he is entitled to qualified immunity.  The Motion for Summary Judgment does not address the plaintiffs' state law claims.

*Standard of Review*

A motion for summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 560 (5th Cir. 1997) (citing *Catrett*, 477 U.S. at 324).  Here, the plaintiffs, who carry the burden of proof at trial, bear the burden of proof at the summary judgment stage to show that the motion should not be granted.  *Catrett*, 477 U.S. at 322-25.  In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the plaintiffs as the nonmoving party.  *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).  Plaintiffs may not rest upon mere allegations or denials in their pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

*§ 1983 Claims against the Attorney General*

It is well-established that "[f]ederal claims against state employees in their official capacities are the equivalent of suits against the state." *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n. 55, (1978)). Thus, Eleventh Amendment immunity applies to actions against state officials when the state is the "real, substantial party in interest." *Pennhurst*, 465 U.S. at 100 (citation omitted).

However, the doctrine created by *Ex parte Young*, 209 U.S. 123 (1908), is an exception to Eleventh Amendment immunity, permitting actions against state officials in their official capacities where the relief sought is an injunction to enforce compliance with federal law. *See Pennhurst,* 465 U.S. at 102*; Walker v. Livingston*, 381 F. App'x 477, 478-79 (5th Cir. 2010) (citations omitted). In response to the Motion for Summary Judgment, the plaintiffs argue that their claims for injunctive relief should be permitted to proceed against the Attorney General under *Ex parte Young.* (Pl. Resp. 6, ECF No. 25). However, Parks acknowledges that he is not seeking injunctive relief because he has been released from prison, but asserts that "similarly-situated individuals" who are currently incarcerated beyond completion of their sentences may be in need of such relief.[3] Thus, plaintiffs argue, dismissal of this case before additional fact-finding would be a "miscarriage of justice." (*Id.* at 7).

---

[3] Plaintiffs, however, do not name any individual prisoners who are in need of such injunctive relief.

The major flaw in the plaintiffs' attempt to invoke *Ex parte Young* is that Attorney General Hood is not the official responsible for administering the Department of Corrections, which is the agency alleged to have violated federal law. The complaint alleges that Parks was kept in prison beyond his sentence because MDOC had erroneously calculated the time he had served:

> Mr. Parks was in and out of prison a number of times serving his sentence. During one stay, Defendant MDOC advised him how many days he had left on his sentence, but that number was incorrect. As is his right, Mr. Parks requested copies of his Inmate Time Sheets and found numerous miscalculations and irregularities in them.

(Compl. 2 (¶10), ECF No. 1). Mississippi law provides that MDOC is responsible for keeping track of time served by inmates such as Parks. The MDOC's authority is statutory; its function is to provide for the care and custody of adult offenders committed to it for incarceration, and it exercises "executive and administrative supervision over all state correctional institutions." Miss. Code Ann. § 47-5-10. The state official with responsibility for overseeing MDOC is the Commissioner of Corrections, who is the "chief executive, administrative and fiscal officer of the department." Miss. Code Ann. § 47-5-24. *See also* Miss. Code Ann. § 47-5-20; § 47-5-28. Among others, one of MDOC's responsibilities is to "maintain records of persons committed to it[.]" Miss. Code Ann. § 47-5-10. That statute provides, in pertinent part:

> § 47-5-10. Department functions
>
> The department shall have the following powers and duties:

>  (e) To maintain records of persons committed to it . . .
>
>  (i) An offender's records shall include a single cover sheet that contains the following information about the offender: name, including any aliases; department inmate number; social security number; photograph; court of conviction; cause number; date of conviction; date of sentence; **total number of days in the department's custody or number of days creditable toward time served on each charge; date of actual custody**; and date of any revocation of a suspended sentence;
>
>  (ii) The department shall maintain an offender's cover sheet in the course of its regularly conducted business activities and shall include an offender's cover sheet in each request from a court, prosecutor or law enforcement agency for a summary of an offender's records with the department[.]

Miss. Code. Ann. § 47-5-10 (emphasis added). The MDOC is "vested with the exclusive responsibility for management and control of the correctional system," and is responsible for "proper care . . . and management of the offenders confined therein." Miss. Code Ann. § 47-5-23. This includes carrying out an "earned time allowance program" and calculating an inmate's release date based on his term of sentence and his earned time. Miss. Code Ann. § 47-5-138. Likewise, MDOC and the Commissioner are responsible for carrying out the statutory procedures for discharging an inmate. Miss. Code Ann. § 47-5-157.

In contrast, the Attorney General of Mississippi is "charged with managing all litigation on behalf of the state," and has "the sole power to bring or defend a lawsuit on behalf of a state agency." Miss. Code. Ann. § 7-5-1. Under Mississippi law, the Attorney General represents state agencies, such as MDOC, when they are sued:

> Except as otherwise provided by law, the Attorney General shall represent the state, in person or by his assistant, as counsel in all suits against the state in other courts or the Supreme Court at the seat of government, and he shall, in like manner, act as counsel for any of the state officers in suits brought by or against them in their official capacity, touching any official duty or trust.

Miss. Code. Ann. § 7-5-39(1).

Plaintiffs have not cited any statutory (or other) authority under which the Attorney General is responsible for the calculation of an inmate's sentence, or has authority to order an inmate's release upon completion of his sentence. Moreover, the complaint does not allege that the Attorney General was responsible for the mistakes in the calculation of Parks's sentence; its only references to the Attorney General's office involve its representation of the MDOC at the hearing before the Harrison County Circuit Court.

In response to the Motion for Summary Judgment, the plaintiffs argue that the Attorney General failed "to resolve the matter of the wrongful incarceration" of Parks, but they admit that the Attorney General "had no immediate role in the calculation of Plaintiff Parks' sentence nor had contact with anyone regarding this matter[.]" (Pl. Mem. in Resp. to Mot. Summ. J. 2,6, ECF No. 25). This is not sufficient to establish that the Attorney General is responsible for the violation of federal law the plaintiffs seek to enjoin. Moreover, it is apparent from the transcript of the hearing conducted by the Circuit Court that MDOC was the party responsible for keeping records of the time Parks had served in its custody; the Attorney General's office appeared on behalf of the MDOC as its counsel. In any

event, Parks has been released from prison, and injunctive relief is therefore inappropriate. Thus, the *Ex parte Young* exception to the Eleventh Amendment does not apply to the § 1983 claims against the Attorney General.[4]

Therefore, the plaintiffs' claims under § 1983 against Attorney General Hood in his official capacity are barred by the doctrine of sovereign immunity under the Eleventh Amendment. Moreover, like a state or an agency thereof, an official acting in his official capacity is not a "person" subject to liability for damages under § 1983. *Will*, 491 U.S. at 71. Accordingly, the plaintiffs' § 1983 claims against Attorney General Hood are dismissed with prejudice.[5]

*State Law Claims Against the Attorney General*

The Attorney General's Motion for Summary Judgment does not address the plaintiffs' state law claims against him. However, because the Attorney General is

---

[4] To the extent the plaintiffs seek prospective injunctive relief to ensure compliance with state law, such claims are also barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

[5] In his Motion for Summary Judgment, Attorney General Hood argues that he is entitled to qualified immunity with respect to claims brought against him in his personal capacity. In response to the Motion, the plaintiffs also make reference to claims against Attorney General Hood in his individual capacity. However, the plaintiffs' complaint does not appear to allege claims against Attorney General Hood in his individual, or personal, capacity. Regardless, the plaintiffs fail to demonstrate that the Attorney General (as opposed to the MDOC) violated a clearly established constitutional right. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) ("[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right"). As discussed above, the complaint does not allege any facts that would show the Attorney General was involved in, or "caused," the denial of Mr. Parks's rights. Therefore, the § 1983 claim should be dismissed.

entitled to summary judgment on the federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Dresser Industries*, 972 F.2d at 585.[6] Accordingly, the plaintiffs' state law claims against the Attorney General are dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, the plaintiffs' § 1983 claims against the defendants MDOC and Attorney General Hood are dismissed with prejudice. The plaintiffs' remaining state law claims are dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 22nd day of January, 2014.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[6] *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 115 (1984) (holding that federal courts are barred by the Eleventh Amendment from hearing state law claims against state officials in their official capacity under supplemental jurisdiction).